**Bonifacio Martinez RAMIREZ; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73770.

Agency Nos. A79–518–947, A79–518–948, A79–518–949.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

Bonifacio Martinez Ramirez, Las Vegas, NV, pro se.

Felipa Sabina Lopez, Las Vegas, NV, pro se.

Walter Anibal Martinez Sabino, Las Vegas, NV, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Margaret Perry, Esq., Deborah N. Mirsir, DOJ—U.S. Department of Justice Civil Div./Office of Immi-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

gration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM [**]

Bonifacio Martinez Ramirez, his wife and son, natives and citizens of Mexico, petition pro se for review from the Board of Immigration Appeals' ("BIA") dismissal of their appeal from an immigration judge's ("IJ") denial of their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review legal questions and constitutional issues de novo. *See Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003). We deny the petition for review.

Petitioners argue that their due process rights were violated when the IJ failed to inform them of the availability of withholding of removal and protection under the Convention Against Torture when they voluntarily withdrew their applications for asylum. This argument is without merit because petitioners repeatedly stated in their applications for asylum and in oral testimony that they did not fear persecution or torture upon their return to Mexico. *See United States v. Muro–Inclan,* 249 F.3d 1180, 1182–85 (9th Cir.2001).

Petitioners' contention that requiring them to prove exceptional and extremely unusual hardship to a qualifying relative for cancellation of removal, while exempting NACARA-eligible aliens from this requirement, violates their right to equal protection under the law is foreclosed by this court's decisions in *Jimenez–Angeles*

v. *Ashcroft,* 291 F.3d 594, 602–03 (9th Cir. 2002) (new hardship standard promulgated under IIRIRA does not violate equal protection), and *Ram v. INS,* 243 F.3d 510, 517 (9th Cir.2001) (decision to favor aliens from specific war-torn countries must be upheld because it stems from rational diplomatic decision to encourage such aliens to remain in the United States).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

### PETITION FOR REVIEW DENIED.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

